IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**STEPHEN FRANKLIN,**

    **Petitioner,**

    v.                        **CIVIL ACTION NO. 2:11cv82**
                                    **(Judge Bailey)**

**TIMOTHY STEWART,**

    **Respondent.**

## REPORT AND RECOMMENDATION

### I. BACKGROUND

This matter is pending before me for Report and Recommendation pursuant to LR PL P 2. On October 19, 2011, the *pro se* petitioner filed an Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241. On November 7, 2011, the petitioner paid the $5.00 filing fee.

### I. PETITION

On October 19, 2011, the petitioner filed an Application for Habeas Corpus Pursuant to Title 28 U.S.C. § 2241. The petitioner is incarcerated at FCI Morgantown, which is located in Morgantown, West Virginia.

The petitioner alleges that he was convicted of Distribution of Methamphetamine in the United States District Court for the Southern District of Georgia. In December of 2009, he was sentenced to 96 months of imprisonment which was later reduced to 60 months. The petitioner further alleges that the prison medical staff at FCI Morgantown have failed to provide him with proper medical treatment, have mis-diagnosed his hernia condition and have failed to send him to an outside treatment provider. In addition, the petitioner alleges that the BOP has failed to provide

him with his medical records as promised. Finally, the petitioner alleges that he suffers from excruciating pain which constitutes cruel and unusual punishment in violation of the Eighth Amendment. He asks the Court to order FCI Morgantown to refer him to a qualified outside medical professional, who will schedule him for a proper hernia operation.

## II. ANALYSIS

A section 2241 petition is used to attack the manner in which the sentence is executed. See 28 U.S.C. § 2241. More specifically, a section 2241 petition is appropriate where a prisoner challenges the fact or duration of his confinement but not the conditions of that confinement. See Preiser v. Rodriguez, 411 U.S. 475, 499-500 (1973).

Here, the petitioner complains about the conditions of his confinement. Specifically, he complains about his medical care at FCI Morgantown. This claim is not an attack on, nor is it related in any way to, the execution of the petitioner's sentence. To pursue the claims raised in his petition, the petitioner must file a lawsuit governed by Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics, 403 U.S. 399 (1971),[1] and pay the $350.00 filing fee. See also Lee v. Winston, 717 F.2d 888 (4th Cir. 1983). Because a petition for writ of habeas corpus under § 2241 is not the proper avenue in which to seek the requested relief, the petition should be denied and dismissed from the Court's active docket.

## III. RECOMMENDATION

Based on the foregoing, the undersigned recommends that the petitioner's §2241 petition (Doc. 1) be DENIED without prejudice to the petitioner's right to file a Bivens action.

---

[1] In Bivens, the Supreme Court created a counterpart to §1983 so that individuals may bring suit against a federal actor for violating a right guaranteed by the Constitution or federal law. Because petitioner is a federal prisoner, he must therefore file a Bivens action as opposed to one under §1983.

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may file written objections with the Clerk of Court identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable John Preston Bailey, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the pro se petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: 11-10-2011

_____
DAVID J. JOEL
UNITED STATES MAGISTRATE JUDGE